Johanna Oh (SBN 316681)
**STEPTOE & JOHNSON LLP**
One Market Plaza
Spear Tower, Suite 3900
San Francisco, California 94105
Telephone:   (415) 365-6712
Facsimile:   (415) 365-6699
*joh@steptoe.com*

Of counsel:
Sarah D. Gordon (*pro hac vice* forthcoming)
James E. Rocap III (*pro hac vice* forthcoming)
Johanna Dennehy (*pro hac vice* forthcoming)
**STEPTOE & JOHNSON LLP**
1330 Connecticut Avenue NW
Washington, District of Columbia 20036
Telephone:   (202) 429-3000
Facsimile:   (202) 429-3902
*sgordon@steptoe.com*
*jrocap@steptoe.com*
*jdennehy@steptoe.com*

Attorneys for Defendants Hartford Fire Insurance Company and Trumbull Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH LAUNDRY PARTNERS, LP dba The French Laundry; KRM, INC. dba Thomas Keller Restaurant Group; YOUNTVILLE FOOD EMPORIUM, LLC dba Bouchon Bistro,<br><br>            Plaintiffs,<br><br>      vs.<br><br>HARTFORD FIRE INSURANCE COMPANY; TRUMBULL INSURANCE COMPANY; KAREN RELUCIO; DOES 1 to 25,<br><br>            Defendants. | Case No.:<br><br>**NOTICE OF REMOVAL BY DEFENDANTS HARTFORD FIRE INSURANCE COMPANY AND TRUMBULL INSURANCE COMPANY**<br><br>[Removal from the Superior Court of the State of California, Napa County, Case No. 20CV000397]<br><br>Complaint Filed:  June 1, 2020<br>Complaint Served:  June 8, 2020<br>Removal Date: July 8, 2020 |

NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-TITLED COURT, AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Hartford Fire Insurance Company ("Hartford Fire") and Trumbull Insurance Company ("Trumbull") (collectively, "Hartford Defendants")[1] hereby remove this action from the Superior Court of the State of California for Napa County, where it is pending as Case No. 20CV000397, to the United States District Court for the Northern District of California. True and correct copies of the Plaintiffs' Complaint and all process, pleadings, and orders served on the Hartford Defendants in the state-court action are attached hereto as **Exhibit A** and incorporated herein by this reference.

The U.S. District Court for the Northern District of California has jurisdiction over this action under 28 U.S.C. § 1332 because (i) there is complete diversity of citizenship between the Hartford Defendants and Plaintiffs French Laundry Partners, LP dba The French Laundry, KRM, Inc. dba Thomas Keller Restaurant Group, and Yountville Food Emporium, LLC dba Bouchon Bistro; and (ii) the amount in controversy exceeds $75,000, exclusive of interest and costs. The citizenship of unidentified defendants "DOES 1 to 25, inclusive" is disregarded for purposes of evaluating diversity. The citizenship of Dr. Karen Relucio (who is sued in her official capacity as the Napa County Health Officer) should also be disregarded because Plaintiffs have not stated a viable cause of action against this defendant and have instead fraudulently joined her to this lawsuit to defeat federal subject-matter jurisdiction. Because she is fraudulently joined, Dr. Relucio's consent is not needed for removal. *See* 28 U.S.C. § 1446(b)(2)(A).

---

[1] Trumbull joins in this Notice of Removal but reserves its right to move for dismissal on grounds that it did not issue the Property Choice Coverage Part of the policy under which Plaintiffs seek coverage.

## I. BACKGROUND

Plaintiffs[2] collectively own and operate two Napa Valley restaurants, The French Laundry and Bouchon Bistro. *See* Ex. A, Compl. ¶¶ 1-3, 9-11.

The French Laundry and Bouchon Bistro are both identified as Scheduled Premises in the Property Choice portion of Special Multi-Flex Business Policy No. 72 UUN HD8373 (the "Policy"). *See id.* ¶¶ 9, 12. Defendant Hartford Fire Insurance Company issued the Property Choice part of this policy to Plaintiffs and other Named Insureds for the period of July 8, 2019 through July 8, 2020. *See id.* ¶ 13.

According to the Complaint, "insurance [under the policy] is extended to apply to the actual loss of business income sustained and the actual, necessary and reasonable extra expenses incurred when access to the scheduled premises is specifically prohibited by order of civil authority as the direct result of a covered cause of loss to property in the immediate area of plaintiffs' scheduled premises." *Id.* ¶ 15.

Plaintiffs allege that coverage under this "civil authority" provision was triggered by a March 18, 2020 Order ("Order") issued by Napa County Health Officer Dr. Karen Relucio ("Dr. Relucio"). *Id.* ¶¶ 22, 30-32. Plaintiffs describe the Order as "directing all individuals living in the county to stay at home" except to provide or receive "essential services" or engage in "essential activities." *Id.* ¶ 22. According to the Complaint, the Order "further requires all non-essential businesses located within the County to 'cease all activities at facilities located within the County, except Minimum Basic Operations.'" *Id.* Plaintiffs admit that the Order allowed restaurants located in the County to offer delivery and takeout. *Id.* ¶ 24. Nevertheless, Plaintiffs claim that the Order "has caused a shutdown of plaintiffs' business operations" and that "[a]s a direct and proximate result of this Order, access to the Insured Properties has been specifically

---

[2] Plaintiffs are (1) French Laundry Partners, LP dba French Laundry, a limited partnership that "owns, operates, manages, and/or controls the restaurant The French Laundry" (Compl. ¶ 1); (2) Yountville Food Emporium, LLC dba Bouchon Bistro, a limited liability company that "owns, operates, manages and/or controls the restaurant Bouchon Bistro" (*id.* ¶ 3); and (3) KRM Inc. dba Thomas Keller Restaurant Group, a corporation that acts as the managing entity for the other two plaintiffs (*id.* ¶ 2).

prohibited." *Id.* Plaintiffs allege that they were forced to furlough over 300 employees as a result of the Order. *Id.* ¶ 25. The Complaint states that "plaintiffs have incurred, and continue to incur, a substantial loss of business income and additional expenses covered under the policy," *id.* ¶ 27, but does not specify the amount of loss.

Plaintiffs filed a Complaint against the Hartford Defendants, Dr. Relucio, and unnamed "DOES 1 to 25, inclusive" in the Superior Court of California for Napa County. The Complaint is dated March 25, 2020, but it was not accepted for filing until June 1, 2020. The agent appointed to accept service on behalf of the Hartford Defendants was served with the Complaint and Summons in Los Angeles on June 9, 2020.

Plaintiffs' Complaint alleges a single claim for Declaratory Relief under California Code of Civil Procedure § 1060. *See* Compl. ¶¶ 28-34. As part of this claim, Plaintiffs allege:

> An actual controversy has arisen between plaintiffs and the HARTFORD DEFENDANTS as to the rights, duties, responsibilities and obligations of the parties in that Plaintiffs contend and, on information and belief, the HARTFORD DEFENDANTS dispute and deny, that: (1) the Order by Karen Relucio, in her official capacity, constitutes a prohibition of access to plaintiffs' Insured Premises; (2) the prohibition of access by the Order is specifically prohibited access as defined in the Policy; (3) the Order triggers coverage because the policy does not include an exclusion for a viral pandemic and actually extends coverage for loss or damage due to virus; and (4) the policy provides coverage to plaintiffs for any current and future civil authority closures of restaurants in Napa County due to physical loss or damage from the Coronavirus under the Civil Authority coverage parameters and the policy provides business income coverage in the event that Coronavirus has caused a loss or damage at the insured premises or immediate area of the insured premises.

*Id.* ¶ 30. Plaintiffs ask the Court to resolve the controversy between Plaintiffs and the Hartford Defendants with respect to these issues, and for any such other relief that may be proper.

## II. BASIS FOR REMOVAL

The Hartford Defendants remove this case based on diversity of citizenship in accordance with 28 U.S.C. § 1332.  This action involves a controversy between citizens of different states and an amount in controversy that exceeds $75,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332, 1441, & 1446.

### A. There Is Complete Diversity of Citizenship Between the Hartford Defendants and the Plaintiffs

The Hartford Defendants are completely diverse from the Plaintiffs.

Defendants Hartford Fire Insurance Company and Trumbull Insurance Company are both Connecticut corporations with principal places of business in Hartford, Connecticut.  They are deemed to be citizens of Connecticut for purposes of federal diversity jurisdiction.  *See* 28 U.S.C. § 1332(c)(1) (domestic corporations are citizens of both the state in which they are incorporated and the state in which they maintain a principal place of business).

Plaintiff KRM, Inc. dba Thomas Keller Restaurant Group is a California corporation that has a principal place of business in Yountville, California.  *See* Declaration of Johanna Oh in Support of Notice of Removal by Defendants Hartford Fire Insurance Company and Trumbull Insurance Company ("Oh Decl."), Ex. J, Statement of Information (Jan. 22, 2020).  It is a citizen of California under 28 U.S.C. § 1332(c)(1).

Plaintiff Yountville Food Emporium LLC is a limited liability company whose citizenship is determined by the citizenship of all of its members.  *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Based upon information reasonably available to the Hartford Defendants, on information and belief all members of Yountville Food Emporium LLC are citizens of California, and none are citizens of Connecticut.  *See In re: Volkswagen 'Clean Diesel' Mktg., Sales Pracs., & Prods. Liab. Litig.*, MDL No. 2672 CRB (JSC), 2019 WL 670608, at *4-*5 (N.D. Cal. Feb. 19, 2019) (citing *Carolina Cas. Ins. Co. v. Team Equipment, Inc.*, 741 F.3d 1082, 1088 (9th Cir. 2014)) (holding that a defendant that removes an action to federal court under 28 U.S.C. § 1332(a) may allege jurisdictional facts on "information and belief" where information about the citizenship of an opposing party was not

1  reasonably available at this stage of the proceedings). In its most recent Statement of
2  Information filed with the California Secretary of State, the company identified a single manager
3  or member (Thomas Keller). *See* Oh Decl. Ex. K, Statement of Information (Form LLC-12)
4  (Oct. 21, 2019). The address listed for Mr. Keller is in Yountville, California, and other public
5  information indicates that Mr. Keller is a citizen of California. The Hartford Defendants are
6  unaware of any facts that indicate that he is a citizen of Connecticut. Form LLC-12 provides the
7  following instruction for the section titled "Manager(s) or Member(s): "If no managers have
8  been appointed or elected, provide the name and address of each member. At least one name and
9  address must be listed. . . . If the LLC has additional managers/members, enter the name(s) and
10 addresses on Form LLC-12A." *Id.* There is no record that Yountville Food Emporium LLC
11 identified any additional members or managers by filing Form LLC-12A with the California
12 Secretary of State. The Hartford Defendants have been unable to locate further information
13 regarding Yountville Food Emporium LLC's membership through a reasonable review of
14 publicly available sources. Information about the identity and citizenship of all of the
15 unidentified members of Yountville Food Emporium LLC is therefore not reasonably available
16 to the Hartford Defendants at this stage of the proceedings.[3] *See Carolina Cas.*, 741 F.3d at
17 1087-88.
18     Plaintiff French Laundry Partners, L.P. is an unincorporated limited partnership, and its
19 citizenship is co-extensive with the citizenship of all of its partners. *See Carden v. Arkoma*
20 *Assocs.*, 494 U.S. 185, 186, 195-96 (1990). Based upon information reasonably available to the
21 Hartford Defendants, on information and belief all partners of French Laundry Partners, L.P. are
22 citizens of California, and none are citizens of Connecticut. *See Volkswagen*, 2019 WL 670608,
23 at *4-*5. French Laundry Partners, L.P. has disclosed in public filings that its general partner is
24 French Laundry Restaurant Corporation. *See, e.g.*, Oh Decl. Ex. L, Certificate of Limited
25 Partnership (Mar. 2, 1994). French Laundry Restaurant Corporation is a California corporation

---

[3] Should the Court require additional information regarding the membership of Yountville Food Emporium LLC, the Hartford Defendants will seek leave to take limited jurisdictional discovery.

1   with a principal executive office in Yountville, California.  *See* Oh Decl. Ex. M, Statement of

2   Information (Oct. 28, 2015).  As a result, it is a citizen of California under 28 U.S.C. § 1332(c).

3          French Laundry Partners, L.P. has not identified its limited partners in its filings with the

4   State of California.  *See, e.g.*, Oh Decl. Ex. L, Certificate of Limited Partnership (Mar. 2, 1994);

5   Ex. N, Amendment (Oct. 9, 2018).  The Hartford Defendants have been unable to locate this

6   information through a reasonable review of publicly available sources.  Information about the

7   identity and citizenship of all of the limited partners of French Laundry Partners, L.P. is not

8   reasonably available to the Hartford Defendants at this stage of the proceedings.[4]  *See Carolina*

9   *Cas.*, 741 F.3d at 1087-88.

10         Because Plaintiffs are citizens of states different than the citizenship states of those

11  defendants whose citizenship may be considered for purposes of diversity jurisdiction (see

12  below), this action is "between— (1) citizens of different states."  As a result, Section 1332's

13  requirement of complete diversity has been satisfied.

14         **B.     The Citizenship of "DOES 1 to 25" Is Irrelevant to the Diversity Analysis**

15         The citizenship of "DOES 1 to 25" has no bearing on this Court's subject matter

16  jurisdiction under Section 1332(a).  *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil

17  action is removable on the basis of diversity jurisdiction under section 1332(a) of [Title 28], the

18  citizenship of defendants sued under fictitious names shall be disregarded.").  The Complaint

19  provides no information from which the Hartford Defendants or this Court could determine the

20  identity or citizenship of "DOES 1 to 25."  *See Gardiner Family, LLC v. Crimson Resource*

21  *Mgmt. Corp.*, 147 F. Supp. 3d 1029, 1036 (E.D. Cal. 2015) ("[W]here, as here, the charges

22  against the Does are so general that no clues exist as to their identity, citizenship, or relationship

---

[4] Should the Court require additional information regarding the identity of French Laundry Partners, L.P.'s limited partners, the Hartford Defendants will seek leave to take limited jurisdictional discovery on this issue.  California's Uniform Limited Partnership Act of 2008 provides that "[a] limited partnership shall maintain at its designated office the following information: (1) a current list showing the full name and last known street and mailing address of each partner, separately identifying the general partners, in alphabetical order, and the limited partners, in alphabetical order."  Cal. Corp. Code § 15901.11(a)(1).

to the action, the Court may disregard these fictitious defendants for jurisdictional purposes.") (citations omitted).

### C. The California Citizenship of the Napa County Health Officer Should Be Disregarded

The Complaint names Dr. Karen Relucio as a defendant in her official capacity as the Napa County Health Officer.  *See* Compl. ¶ 5.  Naming an official of a California county as a defendant does not defeat this Court's jurisdiction over this action.  Dr. Relucio is fraudulently joined to this action, and her California citizenship (whether as a natural person or as a local official) must therefore be disregarded.  *See Grancare, LLC v. Thrower by and through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)) ("In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined.").

Fraudulent joinder is established if a defendant shows that the non-diverse defendant "cannot be liable on any theory."  *Id.*; s*ee also McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").  That requirement is satisfied here.  Plaintiffs assert only one cause of action in the Complaint: a claim for declaratory relief under Section 1060 *et seq.* of the California Code of Civil Procedure.  Section 1060 permits a party "who desires a declaration of his or her rights or duties with respect to another" to "ask for . . . a binding declaration of these rights or duties" in "cases of *actual controversy relating to the legal rights and duties of the respective parties*."  Cal. Code Civ. Proc. § 1060 (emphasis added).  If there is no "actual controversy" between the Plaintiffs and a non-diverse defendant, the defendant is fraudulently joined to an action for declaratory relief, and his or her citizenship must be disregarded for purposes of assessing federal subject matter jurisdiction lying in diversity.  *See, e.g.*, *Valley Imaging P'ship v. RLI Ins. Co.*, No. CV 06-4595, 2006 WL 8442884, at *3 (C.D. Cal. Sept. 13, 2006) (finding that a law firm was fraudulently joined because "Plaintiffs have no claim for prospective relief" against the firm and "their failure to state a claim for declaratory relief is

1  [therefore] obvious under well-settled California law"); *see also Ford v. State Farm Mut. Auto.*
2  *Ins. Co.*, No. 16-00220 JMS-KJM, 2016 WL 6275181, at *3-4 (D. Haw. Aug. 31, 2016) (holding
3  that a tortfeasor was fraudulently joined to a coverage action where the insurer had waived any
4  rights to subrogation against him).

5        Here, no "actual controversy relating to . . . legal rights and duties" exists between
6  Plaintiffs and Dr. Relucio.  Plaintiffs do not allege that such an actual controversy exists, nor can
7  any such controversy be implied from Plaintiffs' allegations.  The only "actual controversy"
8  alleged in the Complaint concerns the interpretation and application of the terms of an alleged
9  insurance contract between Plaintiffs and the Hartford Defendants.  *See* Compl. ¶ 30 ("An actual
10 controversy has arisen between Plaintiffs and the HARTFORD DEFENDANTS as to the rights,
11 duties, responsibilities and obligations of the parties . . . .").  Further, although one of Plaintiffs'
12 requests for declaratory relief asks the Court to determine that "the Order by Karen Relucio, in
13 her official capacity, constitutes a prohibition of access to plaintiffs' Insured Premises" (*id.*), this
14 relates solely to insurance coverage and not to a dispute over their rights and duties under orders
15 issued by Dr. Relucio.  Plaintiffs seek this declaration only because their Hartford Fire insurance
16 policy requires them to demonstrate that access to their insured premises has been "specifically
17 prohibited" by an order of civil authority.  *See id.* (asking the Court to declare that "the
18 prohibition of access by the Order *is specifically prohibited access as defined in the [Insurance]*
19 *Policy*" (emphasis added)).  Granting the relief that Plaintiffs seek will have no bearing on their
20 legal rights or duties vis-à-vis Dr. Relucio or the Napa County Health Department.  The only
21 dispute to be resolved in this case is the dispute between Plaintiffs and Hartford Fire regarding
22 whether Hartford Fire is contractually obligated to pay for Plaintiffs' alleged losses.

23       **D.**    **The Amount in Controversy Exceeds $75,000**

24       The amount in controversy in this action exceeds the $75,000 threshold required by 28
25 U.S.C. § 1332(a).  Where, as here, a complaint does not seek a specific amount of damages, a
26 defendant's notice of removal "need include only a plausible allegation that the amount in
27 controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Op. Co., LLC v. Owens*,
28 574 U.S. 81, 89 (2014).  If that amount is challenged, a court must determine whether the

jurisdictional threshold is satisfied based on a preponderance of the evidence. *Id.* at 88. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart*, 281 F.3d 837 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333 (1977)); *see also Budget Rent-a-Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997) (amount in controversy in an insurance coverage dispute was the "value of the underlying potential tort action" for which the insured had submitted a claim for indemnity and a defense to its insurer).

Plaintiffs' allegations demonstrate that the amount in controversy exceeds $75,000, exclusive of interests and costs. Plaintiffs allege that, on March 18, 2020, the Napa County Health Officer issued a stay-at-home order that allegedly "caused a shutdown of plaintiffs' business operations" at their two Napa Valley restaurants and required them to furlough over 300 employees. Compl. ¶¶ 22, 24-25. Plaintiffs submitted their complaint to the court in Napa County on March 25, 2020—one week after Dr. Relucio entered her order—and alleged that they had *already* "incurred, and continue to incur, a substantial loss of business income and additional expenses covered under the policy." *Id.* ¶ 27. The stay-at-home order that allegedly caused Plaintiffs' to incur a "substantial loss of business income and additional expenses" within a single week appears to have remained in place through at least June 5, 2020, when Dr. Relucio allowed restaurants in Napa County to begin offering dine-in service.[5]

Plaintiffs also ask the Court to "affirm that the policy provides coverage to plaintiffs for any *current and future* civil authority closures of restaurants in Napa County due to physical loss or damage from the Coronavirus and the policy provides business insurance coverage in the event that Coronavirus has caused a loss or damage at the insured premises." Compl. ¶ 33 (emphasis added). Given that the number of confirmed COVID-19 cases has spiked in California in recent weeks, it remains possible that the state government or the Napa County

---

[5] *See Napa County Stage 2 and 3 Business Operations: Frequently Asked Questions (FAQs)*, updated June 19, 2020, https://www.countyofnapa.org/DocumentCenter/View/17688/Stage-2-Business-Ops-FAQs-ENGLISH?bidId=.

government will re-impose restrictions on Napa County restaurants, in which case Plaintiffs may allege that Hartford Fire is obligated to pay for such future losses.

To summarize: Plaintiffs claimed a "substantial loss of business income and extra expense" just one week after Napa County entered its stay at home order, which was over three months prior to removal, and seek a declaration that any future losses arising from virus-related closures will be covered by their policy as well. This evidence supports a plausible allegation that the amount in controversy exceeds $75,000. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) (clarifying that the amount in controversy "is not limited to damages incurred prior to removal" and is instead "determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious").

### III. VENUE

Venue is proper in this federal judicial district and division. *See* 28 U.S.C. §§ 84(a), 1441(a). This action was originally filed in the Superior Court of California for Napa County. The United States District Court for the Northern District of California is the federal judicial district in which the Napa County Superior Court sits.

### IV. CONCLUSION

For the foregoing reasons, Defendants Hartford Fire Insurance Company and Trumbull Insurance Company respectfully provide notice of the removal of this action to this Court, and respectfully request that this Court proceed as if this case had been originally filed in this Court. Immediately upon the filing of this Notice of Removal, the Hartford Defendants will file a copy of this Notice with the Clerk of the Superior Court for the State of California, Napa County, and will serve the Notice upon counsel for Plaintiffs in accordance with 28 U.S.C. § 1446(d).

DATED: July 8, 2020                                    STEPTOE & JOHNSON LLP

By:    /s/ Johanna Oh
          Johanna Oh

*Attorneys for Defendants Hartford Fire Insurance Company and Trumbull Insurance Company*