UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRENCH LAUNDRY PARTNERS, LP DBA THE FRENCH LAUNDRY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY, et al., <br><br> Defendants. | Case No. 20-cv-04540-JSC <br><br> **ORDER RE: MOTION TO REMAND** <br><br> Re: Dkt. No. 12 |

Plaintiffs own and operate the restaurants The French Laundry and Bouchon Bistro in Napa County California. They brought this declaratory judgment action in the Napa County Superior Court against their insurers, Hartford Fire Insurance Company and Trumbull Insurance Company, as well as Dr. Karen Relucio as the Napa County Health Officer, seeking a declaration that the County's March 18, 2020 shelter in place order triggered coverage under Plaintiffs' insurance policy. Defendant Insurers thereafter removed the action to this Court based on diversity jurisdiction contending that Dr. Relucio was fraudulently joined. Dr. Relucio has since moved to dismiss and Plaintiffs have moved to remand the action to state court.[1] Having considered the parties' briefs, the Court concludes that oral argument is not necessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and DENIES the motion to remand. Dr. Relucio does not destroy diversity jurisdiction because she was fraudulently joined and Plaintiffs have failed to demonstrate that abstention is warranted.

**BACKGROUND**

Plaintiffs' restaurants in Napa County, California were forced to shut down after Karen

---

[1] All parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 15, 16 & 19.)

1  Rulucio, the Napa County Health Officer issued an order on March 18, 2020 directing "all
2  individuals living in the county to stay at home except that they may leave to provide or receive
3  certain essential services or engage in certain essential activities" (hereafter "the Order").
4  (Complaint, Dkt. No. 1-2 at ¶ 22.[2])  The Order required all non-essential businesses, including
5  restaurants, to cease operations except for delivery and takeout. (*Id*. at ¶¶ 22, 24.)  Plaintiffs have
6  not been able to access their properties as a result of the Order and have had to furlough over 300
7  employees.  (*Id*. at ¶¶ 24-25.)

8  Plaintiffs have an insurance contract with Hartford Fire Insurance Company and Trumbull
9  Insurance Company, (collectively "Hartford") for indemnification for losses, including business
10 income losses.  (*Id*. at ¶ 8.)  Plaintiffs' premiums include additional coverage "under The Property
11 Choice Business Income and Extra Expense Form in the event of business closures by order of
12 Civil Authority."  (*Id*. at ¶ 14.)  This Form covers "the actual loss of business income sustained
13 and the actual, necessary and reasonable extra expenses incurred when access to the scheduled
14 premises is specifically prohibited by order of civil authority as the direct result of a covered cause
15 of loss to property in the immediate area of plaintiffs' scheduled premises."  (*Id*.)  Further, the
16 "policy's Property Choice Deluxe Form specifically extends coverage to direct physical loss or
17 damage caused by virus." (*Id*. at ¶ 17.)

18 Following Plaintiffs' restaurants' shutdown, Plaintiffs filed a claim with Hartford that was
19 denied.  Plaintiffs thereafter filed this declaratory judgment action under California Code of Civil
20 Procedure Section 1060 in the Napa County Superior Court.  (Dkt. No. 1-2.)  Plaintiffs seek a
21 declaration that "the Order constitutes a prohibition of access to plaintiffs' Insured Premises"; that
22 the Order "triggers coverage because the policy does not contain an exclusion of a viral pandemic
23 and actually extends coverage for loss of damage due to virus"; and that "the policy provides
24 coverage to plaintiffs for any current and future civil authority closures of restaurants in Napa
25 County." (*Id*. at ¶¶ 31-33.)  Plaintiffs named Hartford and Dr. Relucio as the Napa County Health
26 Officer as Defendants.  Hartford thereafter removed the action based on diversity jurisdiction

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generate page numbers placed at the top of the documents.

arguing that Dr. Relucio was fraudulently joined as a defendant. Dr. Relucio has separately moved to dismiss the claim as to her under Federal Rule of Civil Procedure 12(b)(6) and Plaintiffs have moved to remand. (Dkt. Nos. 9 & 24.)

**DISCUSSION**

**I.   Motion to Remand**

Plaintiffs move to remand because (1) this Court lacks a basis for subject matter jurisdiction since the parties are not diverse and Plaintiffs' complaint only states a claim under state law, and (2) even if the Court had diversity jurisdiction, the Court should nonetheless decline to exercise jurisdiction over this declaratory judgment action. Neither argument is availing.

**A.  Diversity Jurisdiction**

A defendant may remove an action from state court to federal court so long as the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) requires complete diversity of citizenship and an amount in controversy in excess of $75,000. Federal subject matter jurisdiction under 28 U.S.C. § 1331 requires a civil action to arise under the constitution, laws, or treaties of the United States. Hartford removed this action based on diversity jurisdiction. (Dkt. No. 1.) There is no dispute that the amount in controversy requirement is met or that Plaintiffs are citizens of California and Hartford is a citizen of Connecticut. The issue is whether Dr. Relucio, a California citizen, is fraudulently joined.

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018). The Ninth Circuit recognizes "two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. (internal quotation marks and citation omitted). To establish fraudulent joinder the second way, the defendant must "show that the individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998). "But if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the

3

1  case to the state court." *Grancare*, 889 F.3d at 548 (internal quotation marks and citation omitted).

2  Thus, a defendant "bears a heavy burden" of establishing fraudulent joinder and "there is a general

3  presumption against [finding] fraudulent joinder." *Id*. (internal quotation marks and citation

4  omitted; alteration in original).

5      Hartford insists that Dr. Relucio is fraudulently joined because Plaintiffs only claim is a

6  declaratory judgment claim under Section 1060 regarding the interpretation and application of an

7  insurance contract between Plaintiffs and Hartford.  Section 1060 provides for a declaratory

8  judgment action "in cases of actual controversy relating to the legal rights and duties of the

9  respective parties."  Hartford insists that there is no "actual controversy relating to … legal rights

10  and duties" between Plaintiffs and Dr. Relucio.

11      Plaintiffs counter that because the Court will be asked to make determinations regarding

12  the meaning and effect of an Order issued by the County, the County has a clear interest in the

13  validity, interpretation and enforcement of the Order.  Plaintiffs points to a line of cases holding

14  that the meaning of government statutes, orders, and enactments are a proper subject of a

15  declaratory action; however, these cases are inapposite.  In *Kirkwood v. California State Auto.*

16  *Assn. Inter-Ins. Bureau*, 193 Cal. App. 4th 49, 53-54 (2011), plaintiff sought a declaration that that

17  the insurer violated a state statue and regulations interpreting the same, but neither the state nor the

18  legislature were a party to action. In *Thomsen v. City of Escondido*, 49 Cal. App. 4th 884, 887

19  (1996), a mobile home park owner brought a declaratory and injunctive relief action challenging

20  the city's enforcement of a city ordinance.  But Plaintiffs here do not challenge Napa's shelter-in-

21  place order; instead, the question is whether the Order qualifies as an event triggering coverage

22  under the parties' insurance agreement.  Dr. Relucio is not a proper party to such claim.

23      Nor is the Court persuaded by *ABC Daycare & Learning Ctr. v. W. Bend Mut. Ins. Co*.,

24  No. CV 5:20-243-DCR, 2020 WL 3520302, at *1 (E.D. Ky. June 29, 2020).   Since the *ABC*

25  *Daycare* decision, several California district courts have held that local officials were fraudulently

26  joined to declaratory judgment actions seeking interpretation of insurance policies under

27  circumstances nearly identical to those here.  *See, e.g*., *Geragos & Geragos, APC v. Travelers*

28  *Indem. Co. of Connecticut*, No. CV 20-3619 PSG (EX), 2020 WL 4673459, at *4 (C.D. Cal. Aug.

United States District Court
Northern District of California

1   12, 2020) (finding that Mayor Garcetti was fraudulently joined to a declaratory judgment action
2   under Section 1060 against plaintiffs' insurance company); *Mark's Engine Co. No. 28 Rest., LLC*
3   *v. Traveler's Indem. Co. of Conn.*, No. 2:20-CV-04423-AB-SK, 2020 WL 4283958, at *4 (C.D.
4   Cal. July 27, 2020) (same); *10E, LLC v. Travelers Indem. Co. of Connecticut*, No. 2:20-CV-
5   04418-SVW-AS, 2020 WL 5095587, at *3 (C.D. Cal. Aug. 28, 2020) (same); *Pez Seafood DTLA,*
6   *LLC v. Travelers Indem. Co.*, 2020 WL 4500304, at *3 (C.D. Cal. Aug. 4, 2020) (holding that
7   county health officer was fraudulently joined noting that "any ruling this Court makes as to
8   whether Travelers must pay Plaintiff under the Policy will have no impact on [the health officer's]
9   'rights, duties, responsibilities, and obligations.'").

   Plaintiffs argue that the above cases are distinguishable because this case raises "Order-focused issues" including "(1) whether the Order *constitutes a prohibition of* access to plaintiffs' Insured Premises, and (2) whether the County's ordered closures of restaurants in Napa County were *due to physical damage to property* from the Coronovirus." (Dkt. No. 36 at 9: 2-4 (citing Complaint at ¶¶ 31, 33) (emphasis in original).)  But these questions still turn on interpretation of the insurance contract—not the validity or enforceability of the Order; that is, the Order's meaning is only at issue to the extent it relates to the policy's language.  This action will not impact whether or how the Order is enforced.  Indeed, the only relief Plaintiffs seek regarding the Order is a declaration that the Order triggers coverage under the policy—not a declaration, for example, as to the validity of the Order itself.  (Complaint at ECF 8.)

   Plaintiffs' contention that Dr. Relucio is a necessary party is likewise unavailing.   In *Pike v. Allen Int'l Ltd.*, 287 Or. 55, 60 (1979), the Oregon Liquor Control Commission was a necessary party because "[i]f plaintiffs were to secure the declaratory judgment sought by it in this case the result would be a declaration that such sales are prohibited by the provisions of the statutes which the commission has the duty to administer and enforce, despite the fact that the commission has not been made a party to this case."  The same cannot be said here.  A decision regarding whether the Order triggered coverage will turn on interpretation of the insurance contract and will not have wider implications to the Order's interpretation.  In addition, the County itself has disavowed any legal interest in the dispute.

1    Accordingly, the Court concludes that Hartford has carried its heavy burden of
2    demonstrating fraudulent joinder of Dr. Relucio.  Plaintiffs have not articulated a ground for some
3    future challenge to the legality of Dr. Relucio's Order nor explained how such a challenge could
4    be raised in the context of this insurance dispute were they given leave to amend.  With Dr.
5    Relucio's citizenship ignored, there is complete diversity of citizenship between the parties.
6    Accordingly, the motion to remand is denied as there is diversity jurisdiction and Dr. Relucio
7    dismissed as fraudulently joined.  *See Isaacs v. Broido*, 358 F. App'x 874, 876 (9th Cir. 2009) ("a
8    fraudulent joinder finding compels dismissal of the sham defendants.") (internal quotation marks
9    omitted).

### B.  Abstention Under the Declaratory Judgment Act

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).  Based on the statute's "permissive language," district courts have broad "discretion to dismiss a federal declaratory judgment action when 'the questions in controversy ... can better be settled in' a pending state court proceeding." *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942)); *see also Wilton v. Seven Falls Co.*, 515 U.S. 277, 289–90 (1995) (holding that review of district court "decisions about the propriety of hearing declaratory judgment actions" is "for abuse of discretion").  "However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance coverage cases specifically." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) (en banc).

In deciding whether to stay or dismiss an action for declaratory relief, a district court should consider the three factors set forth in the United States Supreme Court's decision in *Brillhart*.  *See R.R. St. & Co.*, 656 F.3d at 975.  Under *Brillhart*, district courts should: (1) "avoid needless determination of state law issues"; (2) "discourage litigants from filing declaratory actions as a means of forum shopping"; and (3) "avoid duplicative litigation." *Dizol*, 133 F.3d at 1225.  In addition to the *Brillhart* factors, the Ninth Circuit has "suggested other considerations,"

6

such as:
> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for purposes of procedural fencing or to obtain a 'res judicata' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems.

*Dizol*, 133 F.3d at 1225 n.5 (internal citation omitted). At bottom, "the district court must balance concerns of judicial administration, comity, and fairness to the litigants." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 672 (9th Cir. 2005) (internal quotation marks omitted).

Plaintiffs urge the Court to exercise its discretion and remand this action to state court because they contend that it raises issues of state law and it is likely to be duplicative of multiple, similar and related cases currently pending in California state courts. The Court is not persuaded that the *Brillhart* factors weigh in favor of abstention here.

**1) Needless Determination of State Issues**

The first *Brillhart* factor asks whether a remand will "avoid needless determination of state law issues." *Dizol*, 133 F.3d at 1225. "[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in '[g]ratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton*, 515 U.S. at 283 (quoting *Brillhart*, 316 U.S. at 495).

Plaintiffs contend that the Order raises novel issues of insurance coverage and contract interpretation under state law and that there are six ongoing parallel state proceedings involving similar or overlapping factual circumstances and the same state law issues presented in this case; namely, declaratory relief regarding the denial of insurance coverage and whether government shutdown orders resulted in "physical loss or damage" for purposes of commercial property insurance policy provisions.

There are, however, numerous federal district courts presiding over these disputes, including many in the Northern District of California. *See, e.g.*, *Boxed Foods Co., LLC et al. v. Cal. Cap. Ins. Co. et al.*, Case No. 3:20-cv-04571-CRB; *Colgan et al. v. Sentinel Ins. Co. Ltd.*, Case No. 4:20-cv-04780-HSG; *Founder Inst. Inc. v. Hartford Fire Ins. Co. et al.*, Case No. 3:20-

cv-04466-VC; *Franklin EWC, Inc. et al. v. Hartford Fin. Servs. Grp. et al.*, Case No. 3:20-cv-04434- JSC; *The Gardener v. Ohio Sec. Ins. Co.*, Case No. 4:20-cv-03799-PJH; *see also Geragos & Geragos, APC v. Travelers Indem. Co. of Connecticut*, No. CV 20-3619 PSG (EX), 2020 WL 4673459, at *4 (C.D. Cal. Aug. 12, 2020); *Mark's Engine Co. No. 28 Rest., LLC v. Traveler's Indem. Co. of Conn.*, No. 2:20-CV-04423-AB-SK, 2020 WL 4283958, at *4 (C.D. Cal. July 27, 2020); *10E, LLC v. Travelers Indem. Co. of Connecticut*, No. 2:20-CV-04418-SVW-AS, 2020 WL 5095587, at *3 (C.D. Cal. Aug. 28, 2020); *Pez Seafood DTLA, LLC v. Travelers Indem. Co.*, 2020 WL 4500304, at *3 (C.D. Cal. Aug. 4, 2020). Further, federal courts are routinely called upon to adjudicate insurance coverages disputes. *See Seneca Ins. Co., Inc. v. Strange Land, Inc.*, 862 F.3d 835, 844 n.3 (9th Cir. 2017) ("Strange Land's argument amounts to an assertion that federal courts cannot properly apply state insurance law, something federal courts routinely do. This argument lacks merit.").

Plaintiffs concede in their reply brief that many of the cases they relied upon in their opening brief have since been removed to federal court and cite additional newly filed cases. Plaintiffs argue that abstention would create "opportunities for California state courts to weigh in and create precedent on insurance matters and policy matters governed by state law." (Dkt. No. 36 at 5: 11-12.) While it may be true that remanding this action would provide a California court such an opportunity, this does not mean that this Court deciding the questions presented in this case regarding coverage under the at-issue Hartford's policy would involve a needless determination of state law issues. *Dizol*, 133 F.3d at 1225 ("We know of no authority for the proposition that an insurer is barred from invoking diversity jurisdiction to bring a declaratory judgment action against an insured on an issue of coverage.") (internal citation omitted). State and federal courts across the country will be asked to decide these coverages cases and the determinations will be specific to the particular policies at issue. Plaintiffs have not argued and the Court is not aware of another state court action examining coverage under the same policy or policy provision at issue here. Accordingly, the Court concludes that this factor weighs against abstention.

### 2) Discouraging Forum Shopping

The second factor under the *Brillhart* analysis "usually is understood to favor discouraging an insurer from forum shopping, i.e., filing a federal declaratory action to see if it might fare better in federal court at the same time the insurer is engaged in a state court action." *Am. Cas. Co. of Reading, Penn. v. Krieger*, 181 F.3d 1113, 1119 (9th Cir. 1999). A litigant's "artful pleading" to either manufacture or circumvent federal court jurisdiction may constitute evidence of forum shopping. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1114 (9th Cir. 2001).

Plaintiffs insist that Hartford is engaged in forum shopping because while it removed this action, it has not removed actions pending in Los Angeles County pointing to the *Geragos & Geragos Engine Co.* suit; however, that action was removed to federal court on May 15, 2020 and the district court subsequently denied the plaintiff's motion to remand. *Geragos & Geragos*, 2020 WL 4673459, at *1. The Court can find no evidence of forum shopping here and thus this factor weighs against abstention as well.

### 3) Avoiding Duplicative Litigation

The third *Brillhart* factor seeks to avoid duplicative litigation. "If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Dizol*, 133 F.3d at 1225. Plaintiffs' argument regarding duplicative litigation parallels their argument regarding the first *Brillhart* factor and needless determination of state issues. However, as the Court noted, *supra*, the fact that other state courts are considering COVID-19 related coverage questions in declaratory relief actions does not make this action duplicative of those actions. Plaintiffs have not pointed to another proceeding in state court deciding the same coverage question regarding the same policy at issue here. Accordingly, this factor weighs against abstention.

### 4) Remaining *Dizol* Factors

In *Dizol*, the Ninth Circuit set forth additional factors that a district court might consider in addition to the *Brillhart* factors. Plaintiffs contend that some of these factors weigh in favor of this Court's exercise of its jurisdiction arguing, for example, that resolution of this action will result in

undue entanglement between the federal and state court systems because issues related to those here will be decided in state court actions. Plaintiffs also contend that they would be inconvenienced by having to litigate outside the state court forum of which they are most familiar and which is most connected to the issues in this action. The Court is not persuaded as these arguments are largely a rehash of Plaintiffs' argument that only the state court should decide the coverage questions presented by this action despite the myriad of federal actions considering similar coverage questions—each of which turns on the provisions of the particular policy at issue and none of which are identical to the provisions at issue here (or at least Plaintiffs have not argued that they are).

***

In sum, all three *Brillhart* factors weigh against abstention and Plaintiffs have not demonstrated that the Court should exercise its discretion to decline to exercise its jurisdiction to provide declaratory relief. The Court thus denies Plaintiffs' motion to remand.

**II.    Motion to Dismiss**

The County's motion to dismiss is moot given the Court's dismissal of Dr. Relucio as fraudulently joined in connection with the remand motion.

**CONCLUSION**

For the reasons stated above, Plaintiffs' motion to remand is DENIED and Dr. Relucio is DISSMISSED as fraudulently joined.

This Order disposes of Docket Nos. 9 and 24.

**IT IS SO ORDERED.**

Dated: September 10, 2020

JACQUELINE SCOTT CORLEY
United States Magistrate Judge